IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| GREGORY BETZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:13-cv-619 |
| vs. | ) |
| | ) |
| MEDICREDIT, INC., | ) **JURY DEMAND ENDORSED HEREON** |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, GREGORY BETZ, by and through his attorney, MITCHEL E. LUXENBURG, and for his Complaint against the Defendant, MEDICREDIT, INC., Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the North Carolina Collection Agency Act (hereinafter the "NCCAA"), N.C. Gen. Stat. § 58-70-90, *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq.* Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Charlotte, North Carolina.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and N.C. Gen. Stat. § 58-70-90(2), as he is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and as a "collection agency" within the meaning of N.C. Gen. Stat. § 58-70-90(1), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7. On information and belief, Defendant is a corporation of the State of Missouri, which is licensed to do business in North Carolina and which has its principal place of business in Columbia, Missouri.

## COUNT I
(Violation of the Fair Debt Collection Practices Act)

8. Defendant, through its agents, representatives and/or employees, began contacting Plaintiff during or about September of 2013 in attempts to collect the aforementioned alleged debt.

9. Defendant's agent, representative and/or employee also placed a telephone call to, and left a message on Plaintiff's business phone in further attempts to collect the alleged debt. During the message, Defendant's agent, representative and/or employee identified the name of the Defendant without having been requested to do so. In addition, Defendant's agent, representative and/or employee disclosed that they were attempting to collect an alleged debt

from Plaintiff. An employee responsible for returning messages left on the business phone line heard the entire message left by Defendant's agent, representative and/or employee.

10. Defendant's agents, representatives and/or employees had no reason to place telephone calls to Plaintiff's business phone, as Defendant already was in possession of valid contact information for the Plaintiff himself.

9. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Identifying the name of Defendant's company while communicating with a person other than Plaintiff without having been expressly requested to do so, in violation of 15 U.S.C. § 1692b(1);

    b. Communicating with a person other than Plaintiff and stating to such person that Plaintiff owes an alleged debt, in violation of 15 U.S.C. § 1692b(2); and

    c. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

10. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, GREGORY BETZ, respectfully prays for a judgment against Defendant as follows:

    a. Statutory damages of $1,000.00 for each violation of the FDCPA;

    b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c. Any other relief deemed appropriate by this Honorable Court.

## COUNT II
(Violation of the North Carolina Collection Agency Act)

11. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

12. In its attempts to collect the aforementioned alleged debt, Defendant violated the NCCAA in one or more of the following ways:

    a. Unreasonably publicizing information regarding Plaintiff's alleged debt, in violation of N.C. Gen. Stat. § 58-70-105; and

    b. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the NCCAA.

13. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, GREGORY BETZ, respectfully prays for a judgment against Defendant as follows:

    a. Statutory damages of $4,000.00 for each violation of the NCCAA;

    b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

4

Case 3:13-cv-00619-RJC-DCK   Document 1   Filed 11/11/13   Page 4 of 5

Respectfully Submitted,

/s/ Mitchel E. Luxenburg
Mitchel E. Luxenburg (42021)
Luxenburg & Levin, LLC
Attorney for Plaintiff
23875 Commerce Park
Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 301 (phone)
(866) 551-7791 (facsimile)
Mitch@LuxenburgLevin.com